UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NMT MEDICAL, INC.

                Plaintiff,

v.                                              Civil Action No. 04-12565-NG

AGA MEDICAL CORPORATION,

                Defendant.

**DECLARATION OF RICHARD E. DAVIS IN SUPPORT OF
NMT MEDICAL, INC.'S MEMORANDUM IN OPPOSITION TO
AGA MEDICAL CORPORATION'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, TO TRANSFER**

I, Richard E. Davis, hereby declare:

1. I am the Vice-President and Chief Financial Officer of NMT Medical, Inc. ("NMT"), the plaintiff in the above-captioned case. My office is located at 27 Wormwood Street, Boston, Massachusetts 02210.

2. I am over the age of twenty-one and am competent to testify to the facts herein stated if called as a witness. I make this declaration based on my personal knowledge.

3. NMT is a Massachusetts corporation with its principal and only place of business located at 27 Wormwood Street, Boston, Massachusetts.

4. NMT's officers, directors, and employees who may be able to provide relevant information in this case are located in Massachusetts, including the following: myself; John E. Ahern (Chairman, President, and Chief Executive Officer); Rudy Davis (Clinical Affairs Project

US1DOCS 5024046v1

Director); Carol Ryan Devellian (Vice-President, Research and Development); John Wright, Jr. (Program Director); and Jim Scutti (Senior Technical Consultant).

5. NMT conducts its research, design, testing, development, and manufacturing out of its Massachusetts headquarters. NMT's files and records, including its financial records, are located at NMT's headquarters in Massachusetts, or at a storage facility nearby.

6. Dr. Lloyd A. Marks is the sole inventor named on U.S. Patent No. 5,108,420, entitled "Aperture Occlusion Device" (the "'420 patent"). Dr. Marks resides at 1021 Minisink Way, Westfield, New Jersey 07090.

7. NMT owns an exclusive license to manufacture, use, and sell devices embodying the inventions covered by the claims of the '420 patent.

8. Attorneys at the law firm of Ratner and Prestia in Valley Forge, Pennsylvania prosecuted the '420 patent before the United States Patent Office ("Patent Office").

9. The prosecution records of the '420 patent are located in Pennsylvania and Boston, Massachusetts.

10. Attorney George Myers prosecuted the re-examination of the '420 patent before the Patent Office, and was also responsible for the appeal to the Board of Patent Appeals and Interferences (the "Board"). Mr. Myers presently resides in Massachusetts, near Boston.

11. On December 10, 1998, NMT commenced litigation against AGA Medical Corp. ("AGA") in the U.S. District Court for the District of Massachusetts for infringement of the '420 patent.

-3-

12. The case remained pending before the Honorable Nancy Gertner in Massachusetts for five years. During that time, NMT and AGA engaged in substantial discovery. NMT collected thousands of pages of relevant documents, which were produced to AGA during the course of the litigation.

13. At some point during the litigation in Massachusetts, AGA asserted that the '420 patent was invalid based on prior art that had not been considered during prosecution of the patent.

14. NMT then voluntarily sought to stay the proceedings so that it could request a "re-examination" of the '420 patent by the Patent Office, and Dr. Marks submitted the '420 patent to the Patent Office for re-examination.

15. During the re-examination and appellate proceedings before the Patent Office and the Board, the litigation in Massachusetts was dismissed without prejudice.

16. While the litigation in Massachusetts was pending, AGA did not seek to transfer that case to Minnesota.

17. Eventually, the re-examination and appellate process before the Patent Office and the Board was resolved in NMT's favor.

18. NMT always intended to re-file its infringement litigation against AGA in Massachusetts upon receipt of a favorable ruling from the Patent Office. However, rather than file that complaint immediately after receiving the Board's decision, NMT initially chose to wait for a formal Re-examination Certificate from the Patent Office certifying that all claims of the '420 patent had been allowed on appeal.

USIDOCS 5024046v1

-4-

Signed this 24th day of March, 2005 under the pains and penalties of perjury.

_____
Richard E. Davis

US1DOCS 5024046v1