UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

NITINOL MEDICAL TECHNOLOGIES, INC.
d/b/a/ NMT MEDICAL, INC.

           Plaintiff,

v.                                        Civil Action No. 04-12565-NG

AGA MEDICAL CORPORATION,

           Defendant.

---

## NMT MEDICAL, INC.'S ANSWER TO AGA MEDICAL CORPORATION'S COUNTERCLAIMS

---

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff Nitinol Medical Technologies, Inc. d/b/a NMT Medical, Inc. ("NMT") hereby responds to Defendant AGA Medical Corporation's ("AGA") Counterclaims as follows:

23.     Paragraph 23 states conclusions of law to which no response is required.

24.     NMT restates the allegations in Paragraph 1-23 of its Complaint. To the extent that Paragraph 24 states allegations to which a response is required, those allegations are denied.

25.     NMT admits that Dr. Lloyd A. Marks is the owner of U.S. Patent No. 5,108,420, entitled "Aperture Occlusion Device," issued on April 28, 1992 (the "'420 Patent"). NMT further admits that it owns an exclusive license to manufacture, use, and sell devices embodying the inventions covered by the claims of the '420 Patent.

26.     Paragraph 26 states conclusions of law to which no response is required.

27.     NMT admits the allegations contained in Paragraph 27.

28. NMT admits the allegations contained in Paragraph 28.

29. NMT admits that, on February 5, 2003, during the reexamination of the '420 Patent, the Patent Office Examiner rejected the claims of the '420 Patent. NMT further admits that on August 19, 2004, the Board of Patent Appeals and Interferences reversed the Patent Office examiner's initial determination. NMT denies all remaining allegations in Paragraph 29.

30. NMT admits the allegations contained in Paragraph 30.

31. NMT states that it lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and, therefore, denies the allegations contained in Paragraph 31.

32. Paragraph 32 states conclusions of law to which no response is required.

33. NMT admits that AGA contends it has not infringed any claims of the '420 Patent, but denies that this contention has any merit, and denies any remaining allegations in Paragraph 33.

34. NMT admits that AGA contends the claims of the '420 Patent are invalid, unenforceable, and void, but denies that those contentions have any merit, and denies any remaining allegations in Paragraph 34.

  a. NMT denies each and every allegation contained in Paragraph 34(a).

  b. NMT denies each and every allegation contained in Paragraph 34(b).

  c. NMT denies each and every allegation contained in Paragraph 34(c).

  d. NMT denies each and every allegation contained in Paragraph 34(d).

  e. NMT denies each and every allegation contained in Paragraph 34(e).

  f. NMT denies each and every allegation contained in Paragraph 34(f).

  g. NMT denies each and every allegation contained in Paragraph 34(g).

      h.      NMT denies each and every allegation contained in Paragraph 34(h).

      i.      NMT denies each and every allegation contained in Paragraph 34(i).

      j.      NMT denies each and every allegation contained in Paragraph 34(j).

      k.      NMT denies that it added any new matter to the '420 Patent during re-examination; but admits that it added new claims. NMT denies any remaining allegations contained in Paragraph 34(k).

35.      NMT denies each and every allegation contained in Paragraph 35.

36.      NMT denies each and every allegation contained in Paragraph 36.

37.      NMT admits that 35 U.S.C. § 305 states in part "[n]o proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding under this chapter." NMT denies all remaining allegations contained in Paragraph 37.

38.      NMT denies each and every allegation contained in Paragraph 38.

## GENERAL DEFENSE

NMT denies any and all allegations contained in AGA's Counterclaims that NMT has not expressly admitted herein, and denies the relief requested by AGA in its Counterclaims. NMT also expressly reserves its right to amend this answer as the facts surrounding the Counterclaims are developed through the discovery process.

WHEREFORE, NMT requests that the Court enter a judgment in its favor and against AGA as follows:

(a)      Dismiss, with prejudice, AGA's counterclaim;

(b)      Award NMT its reasonable attorneys' fees, costs, and expenses incurred in defending against the Counterclaim; and

(c)      Award NMT such other relief as the Court deems just and proper.

        Respectfully Submitted,

        NITINOL MEDICAL TECHNOLOGIES, INC.
        d/b/a/ NMT MEDICAL, INC.

        By its attorneys,

        /s/ Kate Saxton
        William F. Lee      (BBO# 291960)
        Cindy D. Vreeland   (BBO# 635143)
        David L. Cavanaugh (BBO# 566162)
        Daniel M. Esrick    (BBO# 647676)
        Kate Saxton        (BBO# 655903)
        WILMER CUTLER PICKERING HALE AND DORR LLP
        60 State Street
        Boston, MA  02109
        Tel.:   (617) 526-6000
        Fax:   (617) 526-5000

Dated:  March 29, 2005

- 4 -