**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NMT MEDICAL, INC., <br><br> Plaintiff <br><br> v. <br><br> AGA MEDICAL CORPORATION, <br><br> Defendant. | Civil Action No. 04-CV-12565-NG |

**JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1(D)**

In accordance with Fed. R. Civ. P. 26(f) and Local Rule 16.1(D), the parties have met and hereby submit the following Joint Statement:

**A.  DATE AND PLACE OF THE MEETING AND IDENTIFICATION OF THE PARTIES, AND THEIR ATTORNEYS**

    **1.  Date and place of meeting:** The Rule 26(f) meeting was held via telephone conference on August 29, 2005.

    **2.  The parties and their attorneys are the following**:

        a.  **Plaintiff:**
            NMT Medical, Inc. ("NMT")
            27 Wormwood Street
            Boston, Massachusetts 02210

            **Plaintiff's attorneys:**
            FISH & RICHARDSON P.C.
            Robert E. Hillman  (BBO# 234820)
            Charles H. Sanders (BBO# 646740)
            225 Franklin Street
            Boston, MA 02110
            (617) 542-5070

        b.  **Defendant:**
            AGA Medical Corporation ("AGA")

682 Mendelssohn Avenue
Golden Valley, Minnesota 55427

**Defendant's attorneys:**
Mark P. Szpak (BBO # 546261)
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7606

Denise L. Loring*
Ching-Lee Fukuda*
Padmaja Chinta*
John R. Lane*
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000
*(motion for admission pro hac vice pending)

NIKOLAI, MERSEREAU, P.A.
James T. Nikolai (Minn. ID #144,101)
900 Second Avenue South, Suite 820
Minneapolis, MN 55402
(612) 339-7461

B.   **DESCRIPTION OF THE CASE**

1.   **Jurisdictional basis**:  This is an action for patent infringement arising under Title 35 of the United States Code.  Accordingly, Plaintiff NMT Medical, Inc. ("NMT") alleges that this court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Section 1338(a).

2.   **Background**:

In 1998, NMT and Lloyd A. Marks sued AGA Medical Corporation ("AGA") for infringement of U.S. Patent No. 5,108,420 ("the '420 patent").  The '420 patent, entitled "Aperture Occlusion Device," generally relates to devices for closing holes in a body surface, including holes in human hearts.  AGA manufactures and sells at

2

least two types of devices for closing holes in human hearts. Your Honor presided over this case.

The 1998 action was active for two and a half years. The parties exchanged some documents during this period. However, no fact depositions or expert discovery was conducted. No *Markman* hearing construing the claims of the '420 patent was held. Early in discovery, AGA moved for summary judgment of non-infringement and invalidity. The Court denied AGA's motion. The Court also denied AGA's motion to bifurcate the trial. AGA filed a second summary judgment motion, identifying art that had not been before the Examiner during the prosecution of the '420 patent. The Court did not rule on AGA's motion. NMT decided to submit the identified art to the Patent Office in a reexamination proceeding, so that the Patent Office could consider the validity issues raised by AGA. NMT requested that the Court stay the litigation until the reexamination would be completed, and the Court ordered a stay in April 2001. NMT filed for *ex parte* reexamination in June 2001. In December 2003, the Court dismissed the litigation without prejudice to re-file since the reexamination was still pending.

In August 2004, the Board of Patent Appeals and Interferences upheld all fourteen original claims as well as claims added during the reexamination. In September 2004, NMT issued a press release relating to the Board's decision and AGA. In October 2004, AGA filed a declaratory judgment suit against NMT and Lloyd A. Marks in the District of Minnesota. In response to AGA's filing a declaratory judgment action, NMT filed a complaint in Massachusetts in December 2004, before the reexamination proceedings were completed. Each party filed motions to transfer in the respective actions.

In June 2005, the Court in the District of Minnesota granted NMT's motion to transfer, and AGA withdrew the motion to transfer that it had filed in this Massachusetts action. After the Board's decision, the examiner issued a "Notice of Intent to Issue Ex Parte Reexamination Certificate" without any further office actions. The reexamination proceedings concluded with the issuance of a reexamination certificate in June 2005.

  **3. Brief statement of the legal claims:**

NMT asserts that AGA manufactures, offers for sale, and sells medical devices that infringe one or more of the claims of the '420 patent. These AGA devices include without limitation its AMPLATZER® Septal Occluders and PFO Occluders. NMT further asserts that AGA's infringement has been willful. AGA denies that it infringes the '420 patent and contends that the '420 patent is invalid and unenforceable.

  **4. Summary of each element of alleged damages**:

NMT seeks damages, including damages for willful infringement, treble damages, attorney's fees and costs as a result of AGA's infringement. NMT also seeks a permanent injunction restraining Defendant from further infringement. AGA seeks its costs and attorney fees.

**C. PLEADINGS**

  **1. Status of pleadings**:

NMT filed its complaint in the District of Massachusetts in December 2004. In March 2005, AGA answered and counterclaimed for invalidity and non-infringement. NMT replied to AGA's counterclaims. NMT, which is the exclusive licensee of the '420 patent, intends to amend its complaint to add Dr. Marks, the inventor

4

and assignee of the '420 patent. AGA agrees that Dr. Marks should be added as a plaintiff.

AGA filed its declaratory judgment complaint in the District of Minnesota in October 2004, and that case was transferred to the District of Massachusetts in September 2005. The transferred action has been assigned to Judge Robert Keeton. The parties are jointly requesting a transfer of that action to this Court, since it is a related action. NMT has agreed to answer the complaint after the transferred case is docketed in Massachusetts. In their June 30, 2005 letter, the parties requested this transferred case be consolidated with the case that is already pending before this Court.

**2.     Jury trial**: A jury trial is available under the law and has been timely demanded.

**D.     DISCOVERY PLAN**

The parties propose that the proceedings continue in accordance with the following schedule:

**I.     Summary of the Parties' Positions**

**1.     NMT's Position:**

NMT is willing to agree to all dates through August 25, 2006 in the schedule that AGA previously proposed to NMT. However, NMT believes that AGA's schedule after August 25, 2006 introduces unjustified delay that precludes the parties from reaching a pretrial conference by November 6, 2006.

This case should proceed to trial as quickly as possible. The parties previously litigated the same claims and defenses for two and a half years while the earlier suit was active before this Court. This case is also unlikely to be resolved before trial. The parties have long known each other's positions but are not close to settlement. In the earlier suit, AGA moved for summary judgment of non-infringement and invalidity six months before the dispositive motion deadline, and the Court denied the motion. This

demonstrates that AGA's positions were already well-developed early in the prior suit and that this case is unlikely to be resolved on summary judgment. AGA filed a second summary judgment motion on invalidity, presenting new references that had not been considered by the Patent Office during the original prosecution of the '420 patent. The '420 patent has now come out of reexamination with its original claims unchanged after the Board of Patent Appeals and Interferences made a favorable decision on their patentability over the references. Thus, AGA has already mounted its best attack against the '420 patent based on prior art, and this attack was not successful.

According to Local Rule 16.1(f), the final pretrial conference shall occur within eighteen months after the filing of the complaint. There is no reason to depart from that schedule in this case. This is a one patent case involving two similar accused products, and the parties already litigated the issues for two and a half years in the prior suit. Under Local Rule 16.1(f), the pretrial conference would occur in June 2006. Nevertheless, NMT is willing to agree to an extra five months in the schedule, which is a compromise that splits the difference between NMT and AGA's original proposals at the Rule 26(f) conference, to set the pretrial conference for November 6, 2006. NMT understood that AGA would accommodate this pretrial conference date in return for NMT's assenting to an early *Markman* hearing.

NMT disagrees with AGA's schedule because it introduces unjustified delay that precludes setting the pretrial conference for November 6, 2006. AGA's schedule introduces unwarranted delay by extending fact discovery on damages and willfulness for six months after the close of fact discovery on liability. AGA also does not even propose a date for discovery on damages and willfulness to begin. NMT is willing to agree that discovery on damages and willfulness will only begin toward the end of the discovery period on liability. However, NMT believes that fact discovery on damages and willfulness need only last three months beyond the close of fact discovery on liability. Discovery on damages and willfulness should not be voluminous compared

6

to discovery on liability, and it will mostly involve discovery of AGA by NMT. AGA's overly long period for discovery on damages and willfulness serves no purpose except to delay trial. This Court denied AGA's motion to bifurcate trial in the prior suit, so all issues should be tried at the same time, and the parties should proceed to trial as quickly as possible in view of the history of this case.

Plaintiff proposes the following schedule:

| Description | Date |
| --- | --- |
| Joinder of parties/Amendment to pleadings | January 30, 2006 |
| Opening *Markman* briefs | February 10, 2006 |
| Responsive *Markman* briefs | March 10, 2006 |
| *Markman* Hearing | To be determined |
| Discovery on damages and willfulness may begin | March 20, 2006 |
| Identification of expert witnesses on liability | March 20, 2006 |
| Close of liability fact discovery | April 28, 2006 |
| Initial liability expert reports | May 26, 2006 |
| Rebuttal liability expert reports | June 16, 2006 |
| Identification of expert witnesses on damages | June 16, 2006 |
| Close of liability expert discovery | July 14, 2006 |
| Dispositive motions | August 4, 2006 |
| Oppositions to dispositive motions | August 25, 2006 |
| Settlement conference | To be determined |
| Close of damages & willfulness fact discovery | July 28, 2006 |

7

| Initial damages/willfulness expert reports | August 15, 2006 |
|---|---|
| Rebuttal damages/willfulness expert reports | September 6, 2006 |
| Close of damages/willfulness expert discovery | September 20, 2006 |
| Final pretrial conference | November 6, 2006 |
| Commencement of trial | To be determined |

### 2.     **AGA's Position:**

AGA's proposal for staged discovery is pursuant to Local Rule 16.1(D)(1)(b), which has the goal of promoting settlement by separating information needed for a realistic assessment of a case from information needed to prepare for trial. A schedule that provides for an early Markman hearing and filing of dispositive motions may very well result in resolution of the case, either by settlement or on summary judgment, before the parties are required to embark on costly discovery involving highly confidential information relating to damages and willfulness. This is especially important here where the parties are direct competitors and, unlike NMT, AGA is a privately held company.

AGA's proposed schedule provides only about three months for the completion of both fact and expert discovery of damages and willfulness. This ensures that this staging of discovery will not excessively delay commencement of trial. Indeed, there is only a difference of three months in the overall schedules of both parties.

AGA's proposal is also within the spirit of Local Rule 16.1(f) that contemplates having the final pretrial conference within eighteen months of filing of the complaint. Although the complaint was filed nine months ago, in December 2004, until now the parties have been involved in motions to dismiss or transfer venue. It was not until a week ago that the related Minnesota action was transferred to this district. Discovery has not begun and the scheduling conference is set for this month. AGA's

proposal contemplates that the parties be ready for the final pretrial conference by January 2007 – within fourteen months of the scheduling conference.

AGA's proposed schedule is also consistent with the scheduled entered by the Court in the 1998 action. That schedule provided for a final pretrial conference eighteen months after the date of the scheduling conference.

The schedule that AGA proposes is required to enable the parties to complete discovery. The 1998 action was pending before this Court for two and a half years. However, there was no substantial discovery during that time. Although the parties exchanged some documents, document production was never completed. No fact depositions were taken by either side and no expert discovery was conducted. No *Markman* hearing occurred. During the reexamination proceeding, the patent underwent an extensive reexamination that impacted the scope and meaning of the asserted claims. Moreover, 56 new claims were added during the reexamination. Different counsel was involved in the reexamination proceedings from the original prosecution. Additional discovery will, therefore, be required to explore fully the reexamination proceedings.

AGA proposes the following schedule:

| Description | Date |
|---|---|
| Joinder of parties/Amendment to pleadings | January 30, 2006 |
| Opening *Markman* briefs | February 10, 2006 |
| Responsive *Markman* briefs | March 10, 2006 |
| *Markman* Hearing | To be determined |
| Close of liability fact discovery | April 28, 2006 |

| Initial liability expert reports | May 26, 2006 |
|---|---|
| Rebuttal liability expert reports | June 16, 2006 |
| Close of liability expert discovery | July 14, 2006 |
| Dispositive motions | August 4, 2006 |
| Oppositions to dispositive motions | August 25, 2006 |
| Replies to dispositive motions | September 8, 2006 |
| Commence damages/willfulness discovery | September 8, 2006 |
| Settlement conference | To be determined |
| Close of damages/willfulness fact discovery | October 27, 2006 |
| Initial damages/willfulness expert reports | November 17, 2006 |
| Rebuttal damages/willfulness expert reports | December 8, 2006 |
| Close of damages/willfulness expert discovery | December 22, 2006 |
| Final pretrial conference | To be determined |
| Commencement of trial | To be determined |

## II.     Discovery Event Limitations

### 1.     Document Requests:

Local Rule 26.1(C) limits the number of document requests to 2 separate requests for production. NMT would compromise with Defendant's request to expand this limitation and agree to three sets of document requests, with the first set addressing

10

only liability and not willfulness and damages. AGA proposes two sets of document requests for liability discovery and one set for the damages/willfulness phase.

### 2. Interrogatories:

The parties have agreed to a proposed limit of 30 interrogatories.

### 3. Requests for Admissions:

The parties have agreed to a proposed limit of 50 requests for admissions.

### 4. Depositions:

**Plaintiff's position**: NMT proposes that each party observe the 10 deposition limit according to Local Rule 26.1(C). The hours-based limit, as proposed by Defendant would permit a very large number of short depositions. AGA's proposal would also allow more total hours of depositions than provided by the Rules. There is too much risk of abuse.

**Defendant's position**: AGA proposes that the parties be given a total of 120 hours for depositions, with each deposition day being limited to 6 hours, exclusive of breaks. The hours-based limit is necessary and common in complex patent cases. Such cases often require more than ten depositions. This is especially so in the present case where there has been an extensive reexamination of the patent and addition of over 50 new claims. Further, the 6 hour limit per day set by the Federal Rules ensures that no deposition would continue for an excessively long period and prevents any risk of abuse.

## E. SETTLEMENT

NMT provided a written settlement proposal to AGA on September 9, 2005, per Local Rule 16.1(c) and the parties' agreement. The parties do not currently believe that this case is close to settlement.

## F. INITIAL DISCLOSURES

The initial disclosures for each party will be exchanged September 12, 2005, in accordance with Local Rule 26.2(A) and Fed.R.Civ.P. 26(a)(1).

**G.     CERTIFICATION REQUIRED BY LOCAL RULE 16.1(D)(3)**

The parties affirm that each of them has consulted with their respective attorneys concerning a budget for the costs of conducting the full course – and various alternative courses – of the litigation and the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4. At present, the parties are not prepared to consent to alternate dispute resolution.

Dated: September 12, 2005          Respectfully submitted,

| | |
|---|---|
| NMT MEDICAL, INC. | AGA MEDICAL CORPORATION |
| By its attorneys, | By its attorneys, |
| /s/ Charles H. Sanders (by MPS)<br>Robert E. Hillman (BBO# 234820)<br>Charles H. Sanders(BBO# 646740)<br>FISH & RICHARDSON, P.C.<br>225 Franklin Street<br>Boston, MA 02110<br>(617) 542-5070 | /s/ Mark P. Szpak<br>Mark P. Szpak (BBO # 546261)<br>ROPES & GRAY LLP<br>One International Place<br>Boston, MA 02110-2624<br>(617) 951-7606 |