**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

NMT MEDICAL, INC.,

    Plaintiff

v.

AGA MEDICAL CORPORATION,

    Defendant.

Civil Action No. 04-CV-12565-NG

---

**AMENDED JOINT STATEMENT OF THE PARTIES PURSUANT TO**
**THE SEPTEMBER 19, 2005 SCHEDULING CONFERENCE**

Pursuant to the Scheduling Conference held on September 19, 2005, the parties hereby submit the following Amended Joint Statement:

**A. DATE AND PLACE OF THE MEETING AND IDENTIFICATION OF THE PARTIES, AND THEIR ATTORNEYS**

    1. **Date and place of meeting:** The Fed. R. Civ. P. 26(f) meeting was held via telephone conference on August 29, 2005.

    2. **The parties and their attorneys are the following**:

        a. **Plaintiff:**
        NMT Medical, Inc. ("NMT")
        27 Wormwood Street
        Boston, Massachusetts 02210

        **Plaintiff's attorneys:**
        FISH & RICHARDSON P.C.
        Robert E. Hillman  (BBO# 234820)
        Charles H. Sanders (BBO# 646740)
        225 Franklin Street
        Boston, MA 02110
        (617) 542-5070

      **b.**    **Defendant:**
          AGA Medical Corporation ("AGA")
          682 Mendelssohn Avenue
          Golden Valley, Minnesota 55427

          **Defendant's attorneys:**
          Mark P. Szpak (BBO # 546261)
          ROPES & GRAY LLP
          One International Place
          Boston, MA 02110-2624
          (617) 951-7606

          Denise L. Loring
          Ching-Lee Fukuda
          Padmaja Chinta
          John R. Lane
          ROPES & GRAY LLP
          1251 Avenue of the Americas
          New York, New York 10020
          (212) 596-9000

          NIKOLAI, MERSEREAU, P.A.
          James T. Nikolai (Minn. ID #144,101)
          900 Second Avenue South, Suite 820
          Minneapolis, MN 55402
          (612) 339-7461

**B.**    **DESCRIPTION OF THE CASE**

    1.    **Jurisdictional basis**:  This is an action for patent infringement arising under Title 35 of the United States Code.  Accordingly, Plaintiff NMT Medical, Inc. ("NMT") alleges that this court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Section 1338(a) .

    2.    **Background**:

    In 1998, NMT and Lloyd A. Marks sued AGA Medical Corporation ("AGA") for infringement of U.S. Patent No. 5,108,420 ("the '420 patent").  The '420 patent, entitled "Aperture Occlusion Device," generally relates to devices for closing holes in a body surface, including holes in human hearts.  AGA manufactures and sells at

least two types of devices for closing holes in human hearts.  Your Honor presided over this case.

The 1998 action was active for two and a half years.  The parties exchanged some documents during this period.  However, no fact depositions or expert discovery was conducted.  No *Markman* hearing construing the claims of the '420 patent was held.  Early in discovery, AGA moved for summary judgment of non-infringement and invalidity.  The Court denied AGA's motion.  The Court also denied AGA's motion to bifurcate the trial.  AGA filed a second summary judgment motion, identifying art that had not been before the Examiner during the prosecution of the '420 patent.  The Court did not rule on AGA's motion.  NMT decided to submit the identified art to the Patent Office in a reexamination proceeding, so that the Patent Office could consider the validity issues raised by AGA.  NMT requested that the Court stay the litigation until the reexamination would be completed, and the Court ordered a stay in April 2001.  NMT filed for *ex parte* reexamination in June 2001.  In December 2003, the Court dismissed the litigation without prejudice to re-file since the reexamination was still pending.

In August 2004, the Board of Patent Appeals and Interferences upheld all fourteen original claims as well as claims added during the reexamination.  In September 2004, NMT issued a press release relating to the Board's decision and AGA.  In October 2004, AGA filed a declaratory judgment suit against NMT and Lloyd A. Marks in the District of Minnesota.  In response to AGA's filing a declaratory judgment action, NMT filed a complaint in Massachusetts in December 2004, before the reexamination proceedings were completed.  Each party filed motions to transfer in the respective actions.

In June 2005, the Court in the District of Minnesota granted NMT's motion to transfer, and AGA withdrew the motion to transfer that it had filed in this Massachusetts action. After the Board's decision, the examiner issued a "Notice of Intent to Issue Ex Parte Reexamination Certificate" without any further office actions. The reexamination proceedings concluded with the issuance of a reexamination certificate in June 2005.

**3.    Brief statement of the legal claims:**

NMT asserts that AGA manufactures, offers for sale, and sells medical devices that infringe one or more of the claims of the '420 patent. These AGA devices include without limitation its AMPLATZER® Septal Occluders and PFO Occluders. NMT further asserts that AGA's infringement has been willful. AGA denies that it infringes the '420 patent and contends that the '420 patent is invalid and unenforceable.

**4.    Summary of each element of alleged damages:**

NMT seeks damages, including damages for willful infringement, treble damages, attorney's fees and costs as a result of AGA's infringement. NMT also seeks a permanent injunction restraining Defendant from further infringement. AGA seeks its costs and attorney fees.

**C.    PLEADINGS**

**1.    Status of pleadings**:

NMT filed its complaint in the District of Massachusetts in December 2004. In March 2005, AGA answered and counterclaimed for invalidity and non-infringement. NMT replied to AGA's counterclaims. NMT, which is the exclusive licensee of the '420 patent, intends to amend its complaint to add Dr. Marks, the inventor

and assignee of the '420 patent.  AGA agrees that Dr. Marks should be added as a plaintiff.

AGA filed its declaratory judgment complaint in the District of Minnesota in October 2004, and that case was transferred to the District of Massachusetts in September 2005.  The transferred action has been assigned to Judge Robert Keeton.  The parties have jointly requested a transfer of that action to this Court, since it is a related action.  NMT has agreed to answer the complaint after the transferred case is docketed in Massachusetts.  In their June 30, 2005 letter, the parties requested this transferred case be consolidated with the case that is already pending before this Court.

2. **Jury trial**:  A jury trial is available under the law and has been timely demanded.

D. **DISCOVERY PLAN**

The parties propose that the proceedings continue in accordance with the following schedule:

| Description | Date |
|---|---|
| Joinder of parties/Amendment to pleadings | January 30, 2006 |
| Close of liability fact discovery | April 28, 2006 |
| Initial liability expert reports | May 26, 2006 |
| Rebuttal liability expert reports | June 16, 2006 |
| Close of liability expert discovery | July 14, 2006 |

5

| | |
|---|---|
| Opening *Markman* briefs & Dispositive motions | August 4, 2006 |
| Oppositions to dispositive motions | August 25, 2006 |
| Responsive *Markman* briefs & Replies to dispositive motions | September 8, 2006 |
| Commence damages/willfulness discovery | September 8, 2006 |
| *Markman* Hearing | To be determined |
| Settlement conference | To be determined |
| Close of damages/willfulness fact discovery | October 27, 2006 |
| Initial damages/willfulness expert reports | November 17, 2006 |
| Rebuttal damages/willfulness expert reports | December 8, 2006 |
| Close of damages/willfulness expert discovery | December 22, 2006 |
| Final pretrial conference | To be determined |
| Commencement of trial | To be determined |

### I.    Discovery Event Limitations

####    1.    Document Requests:

Two sets of document requests for the liability phase and one set for the damages/willfulness phase.

####    2.    Interrogatories:

30 interrogatories.

####    3.    Requests for Admissions:

50 requests for admissions.

    **4.**    **Depositions:**

A total of 120 hours of depositions, with each deposition day being limited to 6 hours, exclusive of breaks.

**E.**    **SETTLEMENT**

NMT provided a written settlement proposal to AGA on September 9, 2005, per Local Rule 16.1(c) and the parties' agreement.  The parties do not currently believe that this case is close to settlement.

**F.**    **INITIAL DISCLOSURES**

The initial disclosures for each party were exchanged on September 12, 2005, in accordance with Local Rule 26.2(A) and Fed.R.Civ.P. 26(a)(1).

**G.**    **CERTIFICATION REQUIRED BY LOCAL RULE 16.1(D)(3)**

The parties affirm that each of them has consulted with their respective attorneys concerning a budget for the costs of conducting the full course – and various alternative courses – of the litigation and the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.  At present, the parties are not prepared to consent to alternate dispute resolution.

Dated:  September 22, 2005        Respectfully submitted,

| NMT MEDICAL, INC. | AGA MEDICAL CORPORATION |
|---|---|
| By its attorneys, | By its attorneys, |
| /s/ Charles H. Sanders (by MPS) | /s/ Mark P. Szpak_____ |
| Robert E. Hillman (BBO# 234820) | Mark P. Szpak (BBO # 546261) |
| Charles H. Sanders(BBO# 646740) | ROPES & GRAY LLP |
| FISH & RICHARDSON, P.C. | One International Place |
| 225 Franklin Street | Boston, MA 02110-2624 |
| Boston, MA 02110 | (617) 951-7606 |
| (617) 542-5070 | |