UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NMT MEDICAL, INC., <br> and <br> LLOYD A. MARKS <br>         Plaintiffs, <br>     v. <br> AGA MEDICAL CORPORATION, <br>         Defendant. | Civil Action No. 04-CV-12565-NG |

**PLAINTIFFS' ANSWER TO AGA MEDICAL CORPORATIONS COUNTERCLAIM**

Plaintiffs NMT Medical, Inc. ("NMT") and Dr. Lloyd A. Marks ("Dr. Marks") hereby respond to Defendant AGA Medical Corporation's ("AGA") Counterclaim to Plaintiff's First Amended Complaint, as follows:

26. Paragraph 26 states conclusions of law to which no response is required.

27. NMT and Dr. Marks restate the allegations in Paragraphs 1-20 of its First Amended Complaint for Patent Infringement. To the extent that Paragraph 27 states allegations to which a response is required, those allegations are denied.

28. NMT and Dr. Marks admit that Dr. Marks is the owner of U.S. Patent No. 5,108,420, entitled "Aperture Occlusion Device" ("the '420 Patent"). NMT and Dr. Marks further admit that NMT owns an exclusive license to manufacture, use, and sell devices embodying the inventions covered by the claims of the '420 Patent.

29. Paragraph 29 states conclusions of law to which no response is required.

30. NMT and Dr. Marks admit the allegations contained in Paragraph 30.

31. NMT and Dr. Marks admit the allegations contained in Paragraph 31.

32. NMT and Dr. Marks admit that, on February 5, 2003, during the reexamination of the '420 Patent, the Patent Office Examiner rejected the claims of the '420 Patent. NMT and Dr. Marks further admit that on August 19, 2004, the Board of Patent Appeals and Interferences reversed the Patent Office examiner's initial determination. NMT and Dr. Marks deny all remaining allegations in Paragraph 32.

33. NMT and Dr. Marks admit the allegations contained in Paragraph 33.

34. NMT and Dr. Marks state that they lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and, therefore, deny the allegations contained in Paragraph 34.

35. Paragraph 35 states conclusions of law to which no response is required.

36. NMT and Dr. Marks admit that AGA contends it has not infringed any claims of the '420 Patent, but deny that this contention has any merit, and deny any remaining allegations in Paragraph 33.

37. NMT and Dr. Marks admit that AGA contends the claims of the '420 Patent are invalid, unenforceable, and void, but deny that those contentions have any merit, and deny any remaining allegations in Paragraph 37.

    a. NMT and Dr. Marks deny each and every allegation contained in Paragraph 37 (a).

    b. NMT and Dr. Marks deny each and every allegation contained in Paragraph 37 (b).

    c. NMT and Dr. Marks deny each and every allegation contained in Paragraph 37 (c).

    d. NMT and Dr. Marks deny each and every allegation contained in Paragraph 37 (d).

    e. NMT and Dr. Marks deny each and every allegation contained in Paragraph 37 (e).

    f. NMT and Dr. Marks deny each and every allegation contained in Paragraph 37 (f).

    g. NMT and Dr. Marks deny each and every allegation contained in Paragraph 37 (g).

    h. NMT and Dr. Marks deny each and every allegation contained in Paragraph 37 (h).

    i. NMT and Dr. Marks deny each and every allegation contained in Paragraph 37 (i).

    j. NMT and Dr. Marks deny each and every allegation contained in Paragraph 37 (j).

    k. NMT and Dr. Marks deny each and every allegation contained in Paragraph 37 (k).

    l. NMT and Dr. Marks deny each and every allegation contained in Paragraph 37 (l).

  38. NMT and Dr. Marks deny each and every allegation contained in Paragraph 38.

  39. NMT and Dr. Marks deny each and every allegation contained in Paragraph 39.

  40. NMT and Dr. Marks admit that 35 U.S.C. § 305 states in part "[n]o proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding under this chapter." NMT and Dr. Marks deny all remaining allegations contained in Paragraph 40.

  41. NMT and Dr. Marks deny each and every allegation contained in Paragraph 41.

GENERAL DEFENSE

  NMT and Dr. Marks deny any and all allegations contained in AGA's Counterclaims that NMT and Dr. Marks have not expressly admitted herein, and deny the relief requested by AGA in its Counterclaims. NMT and Dr. Marks also expressly reserve their right to amend this answer as the facts surrounding the Counterclaim are developed through the discovery process.

WHEREFORE, NMT and Dr. Marks request that the Court enter a judgment in their favor and against AGA as follows:

(a) Dismiss, with prejudice, AGA's Counterclaim;

(b) Declare that AGA takes nothing by its Counterclaim;

(c) Award NMT and Dr. Marks their reasonable attorneys' fees, costs, and expenses incurred in defending against the Counterclaim; and

(d) Award NMT and Dr. Marks such other relief as the Court deems just and proper.


Dated: November 17, 2005             /s/ Amy C. Dachtler_____
                                     Amy C. Dachtler (BBO# 660234)
                                     Robert E. Hillman (BBO# 234820)
                                     Charles H. Sanders (BBO# 646740)
                                     FISH & RICHARDSON P.C.
                                     225 Franklin Street
                                     Boston, MA  02110-2804
                                     Telephone (617) 542-5070
                                     Facsimile (617) 542-8906

                                     Attorneys for Plaintiff
                                     NMT MEDICAL, INC

21201190.doc